UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETER LEUNG, Individually and On Behalf of All Others Similarly Situated,<br><br>                                    Plaintiff,<br><br>                    v.<br><br>BLUEBIRD BIO, INC., NICK LESCHLY, and CHIP BAIRD,<br><br>                                    Defendants. | Case No.<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiff Peter Leung ("Plaintiff"), individually and on behalf of all others similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States ("U.S.") Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding bluebird bio, Inc. ("bluebird" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet.  Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

**NATURE OF THE ACTION**

1.     This is a federal securities class action on behalf of a class consisting of all persons and entities other than Defendants that purchased or otherwise acquired bluebird securities between May 11, 2020 and November 4, 2020, both dates inclusive (the "Class Period"), seeking

to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials.

2.      bluebird is a biotechnology company that engages in researching, developing, and commercializing transformative gene therapies for severe genetic diseases and cancer.  The Company's gene therapy programs include, among others, LentiGlobin (bb1111) for the treatment of sickle cell disease ("SCD").

3.      In May 2020, in the midst of the COVID-19 pandemic, bluebird announced that the Company expected to submit a U.S. Biologics Licensing Application ("BLA") to the U.S. Food and Drug Administration ("FDA") for LentiGlobin for SCD in the second half of 2021.

4.      Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) data supporting bluebird's BLA submission for LentiGlobin for SCD was insufficient to demonstrate drug product comparability; (ii) Defendants downplayed the foreseeable impact of disruptions related to the COVID-19 pandemic on the Company's BLA submission schedule for LentiGlobin for SCD, particularly with respect to manufacturing; (iii) as a result of all the foregoing, it was foreseeable that the Company would not submit the BLA for LentiGlobin for SCD in the second half of 2021; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times.

5.      On November 4, 2020, post-market, bluebird disclosed that it would no longer apply for FDA approval of its LentiGlobin product as a treatment for SCD in the second half of 2021 as expected.  Instead, citing "feedback" from the FDA requiring the Company to provide

additional data "to demonstrate drug product comparability" for LentiGlobin for SCD, "alongside COVID-19 related shifts and contract manufacturing organization COVID-19 impacts," bluebird adjusted its submission timing to late 2022.

6.    On this news, bluebird's stock price fell $9.72 per share, or 16.6%, to close at $48.83 per share on November 5, 2020.

7.    As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

8.    The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

9.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act.

10.    Venue is proper in this Judicial District pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1391(b), as the alleged misstatements entered and the subsequent damages took place in this Judicial District.  Pursuant to bluebird's most recent annual report on Form 10-K, as of February 13, 2020, there were 55,611,565 shares of the Company's common stock outstanding.  bluebird's common stock trades on the NASDAQ Stock Market ("NASDAQ").  Accordingly, there are presumably hundreds, if not thousands, of investors in bluebird's common stock located within the U.S., some of whom undoubtedly reside in this Judicial District.

11.     In connection with the acts alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications, and the facilities of the national securities markets.

## PARTIES

12.     Plaintiff, as set forth in the attached Certification, acquired bluebird securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

13.     Defendant bluebird is a Delaware corporation with principal executive offices located at 60 Binney Street, Cambridge, Massachusetts 02142.  bluebird common stock trades in an efficient market on the NASDAQ under the ticker symbol "BLUE."

14.     Defendant Nick Leschly ("Leschly") has served as bluebird's President, Chief Executive Officer, and a Director of the Company at all relevant times.

15.     Defendant Chip Baird ("Baird") has served as bluebird's Chief Financial Officer at all relevant times.

16.     Defendants Leschly and Baird are sometimes referred to herein as the "Individual Defendants."

17.     The Individual Defendants possessed the power and authority to control the contents of bluebird' SEC filings, press releases, and other market communications.  The Individual Defendants were provided with copies of bluebird' SEC filings and press releases alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or to cause them to be corrected.  Because of their positions with bluebird, and their access to material information available to them but not to the public, the

Individual Defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public, and that the positive representations being made were then materially false and misleading. The Individual Defendants are liable for the false statements and omissions pleaded herein.

18.     bluebird and the Individual Defendants are collectively referred to herein as "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

19.     bluebird is a biotechnology company that engages in researching, developing, and commercializing transformative gene therapies for severe genetic diseases and cancer. The Company's gene therapy programs include, among others, LentiGlobin (bb1111) for the treatment of SCD.

20.     In May 2020, in the midst of the COVID-19 pandemic, bluebird announced that the Company expected to submit a BLA to the FDA for LentiGlobin for SCD in the second half of 2021.

### Materially False and Misleading Statements Issued During the Class Period

21.     The Class Period begins on May 11, 2020, when bluebird issued a press release providing an operational and business update and reporting its first quarter 2020 financial results (the "1Q20 Press Release"). The 1Q20 Press Release touted bluebird's anticipated BLA submission for LentiGlobin for SCD, stating, in relevant part, that bluebird had "general agreement with [the] FDA that the clinical data package required to support a BLA submission for LentiGlobin™ for [SCD] will be based on data from a portion of patients in the HGB-206 study Group C that have already been treated," and that bluebird planned "to seek an accelerated

approval and expects to submit the [BLA] for [SCD] in the second half of 2021," despite "anticipat[ing] additional guidance from FDA regarding the commercial manufacturing process, including suspension lentiviral vector."

22.     The 1Q20 Press Release also quoted Defendant Leschly, who assured investors that bluebird had accounted for COVID-19's impact on the Company's ongoing operations, including the BLA submission for LentiGlobin for SCD.  Specifically, Defendant Leschly touted, in relevant part, that Defendants "have alignment with FDA on [their] clinical data package and filing path for LentiGlobin for [SCD], which accelerates [their] planned base case filing timeline into 2021"; that "after a rigorous review of all operational plans to reflect COVID-19 uncertainties and recent program shifts, [Defendants] have prioritized [their] core . . . programs to drive . . . filings in 2021 for [*inter alia*] . . . SCD"; that "[t]his prioritization effort and operational review has led to significant efficiencies . . . across [the] company"; and that "[t]he fundamentals of [Defendants'] business remain sound and [their] newly revised operating plan enables [them] to execute on the 2022 vision while putting [them] on a path towards financial sustainability."

23.     Also on May 11, 2020, bluebird hosted a conference call with investors and analysts to discuss the Company's first quarter 2020 results (the "1Q20 Conference Call").  In his prepared remarks on that call, Defendant Leschly represented that "[o]n the [SCD] front, [Defendants are] happy to share that [they] have reached general alignment with the FDA on an accelerated approval path for LentiGlobin in [SCD] with plans to file for approval in the second half of 2021," and that, "[o]verall, 2021 is on track to deliver several major milestones, including . . . the US filing[] of . . . LentiGlobin in sickle cell."

24.     Additionally, on the 1Q20 Conference Call, in response to a Guggenheim Securities LLC analyst question regarding manufacturing for LentiGlobin, Defendant Leschly further touted

that Defendants were "quite confident [in] the combination of the various forms of manufacturing," and that Defendants "wouldn't go out and try to commit to a regulatory timeline if [they] didn't feel that [they] could deliver on that demand" because it "would be a really, really hard thing for the patient population, not to mention bluebird, if [they] were to do that," and Defendants were "quite confident in the ramp and a pretty broad range in the ramp as [they] get going in US," reiterating that, "quite honestly, [they] would not be signing up for a regulatory timeline or a range of timeline if [they] didn't feel that [they] had the execution infrastructure behind it."

25.     Also on the 1Q20 Conference Call, in response to an Evercore ISI analyst who said that he was "surprised it's going to take over a year given everything we know now" for the LentiGlobin SCD BLA filing, and questioning whether Defendants' "filing timeline assume[s] that some . . . follow-up can be submitted as a supplement to an amendment," Defendant Leschly assured those on the call that Defendants were "liberate[d]" to "move quite aggressively" despite COVID-19, stating, in relevant part:

> [A]s you think about some of the original plan, right, and you look at HGB-210 and you look at that, the timing there given also some of the complexity going on in the world right now as it relates to the [COVID-19] pandemic and the enrollment time frames that that brings, this really liberates us to move quite aggressively despite some of those changes given how far along we already were on HGB-206. So, I think between the data and the strategy and the willingness and the collegiality that the agency's showing on this, it's actually a tremendous – at least from our perspective, we believe is a tremendously positive outcome.

26.     That same day, bluebird filed a quarterly report on Form 10-Q with the SEC, reporting the Company's financial and operating results for the quarter ended March 31, 2020 (the "1Q20 10-Q"). The 1Q 20 10-Q touted, in relevant part, that "[b]ased on [Defendants'] discussions with the FDA," Defendants "believe that [they] may be able to seek accelerated approval for LentiGlobin for SCD in the [U.S.] on the basis of clinical data from Group C of [their] ongoing

HGB-206 clinical study, with a potential first submission in the second half of 2021"; and that Defendants adjusted "the timing of investment in ongoing clinical studies to reflect COVID-19 related delays in enrollment."

27.     Appended as an exhibit to the 1Q20 10-Q were signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX"), wherein the Individual Defendants certified that "the [1Q20 10-Q] fully complies with the requirements of Section 13(a) or 15(d) of the Securities Exchange Act of 1934" and that "the information contained in the [1Q20 10-Q] fairly presents, in all material respects, the financial condition and results of operations of the Company."

28.     On August 5, 2020, bluebird issued a press release announcing its second quarter 2020 financial results and recent operational progress (the "2Q20 Press Release"). The 2Q20 Press Release touted that bluebird had "treated the first sickle cell patient with drug product manufactured with suspension-based lentiviral vector (sLVV)," which "is intended to allow for larger scale and more efficient manufacturing of LVV," and that "[t]he company intends to submit data supporting the use of sLVV to the FDA as part of its submission for regulatory approval of LentiGlobin™ gene therapy for SCD in the second half of 2021."

29.     Additionally, the 2Q20 Press Release touted that, "[o]n June 12, 2020, bluebird bio presented new data showing a near elimination of [SCD]-related vaso-occlusive crises and acute chest syndrome in the phase 1/2 clinical study of bluebird bio's LentiGlobin™ gene therapy for [SCD] at 25th EHA [European Hematology Association] Congress," and that bluebird "plan[s] to submit its BLA to the FDA based on an analysis of clinical data from this study," while reiterating that bluebird "continues to plan to submit the U.S. BLA for SCD in the second half of 2021."

30.     Also on August 5, 2020, bluebird filed a quarterly report on Form 10-Q with the SEC, reporting the Company's financial and operating results for the quarter ended June 30, 2020

(the "2Q20 10-Q").  The 2Q20 10-Q contained substantively the same statements as referenced in ¶ 26, *supra*, regarding bluebird's anticipated BLA submission for LentiGlobin for SDA in the second half of 2021 based on the Company's discussions with the FDA, and Defendants' accounting for COVID-19 related delays.

31.     Appended as an exhibit to the 2Q20 10-Q were substantively the same SOX certifications as referenced in ¶ 27, *supra*, signed by the Individual Defendants.

32.     The statements referenced in ¶¶ 21-31 were materially false and misleading because Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and compliance policies.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) data supporting bluebird's BLA submission for LentiGlobin for SCD was insufficient to demonstrate drug product comparability; (ii) Defendants downplayed the foreseeable impact of disruptions related to the COVID-19 pandemic on the Company's BLA submission schedule for LentiGlobin for SCD, particularly with respect to manufacturing; (iii) as a result of all the foregoing, it was foreseeable that the Company would not submit the BLA for LentiGlobin for SCD in the second half of 2021; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times.

## The Truth Emerges

33.     On November 4, 2020, post-market, bluebird issued a press release announcing its third quarter 2020 financial results and highlighting operational progress (the "3Q20 Press Release").  Therein, the Company disclosed that it would no longer apply for FDA approval of its LentiGlobin product as a treatment for SCD in the second half of 2021 as expected.  Instead, citing "feedback" from the FDA requiring the Company to provide additional data "to demonstrate drug

product comparability" for LentiGlobin for SCD, "alongside COVID-19 related shifts and contract manufacturing organization COVID-19 impacts," bluebird adjusted its submission timing to late 2022.  Specifically, the 3Q20 Press Release stated, in relevant part:

> [BLA] SUBMISSION - Today, bluebird bio announces confirmation of its general agreement with the [FDA] that the clinical data package required to support a BLA submission for LentiGlobin™ for [SCD] (bb1111) will be based on data from a portion of patients in the HGB-206 study Group C that have already been treated. bluebird bio is also announcing today that it has reached general agreement with FDA on its path to transition to commercial manufacturing using an analytical comparability strategy, including suspension-based lentiviral vector (sLVV) . . . . **However, FDA requested the use of drug product manufactured from [SCD] patient cells in addition to healthy donors as well as commercial lentiviral vector to demonstrate drug product comparability. Given this feedback, alongside COVID-19 related shifts and contract manufacturing organization COVID-19 impacts, bluebird is adjusting its submission timing to late 2022.**

(Emphasis added.)

34.     On this news, bluebird's stock price fell $9.72 per share, or 16.6%, to close at $48.83 per share on November 5, 2020.

35.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

36.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired bluebird securities during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures.  Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

37.    The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, bluebird securities were actively traded on the NASDAQ.  While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class.  Record owners and other members of the Class may be identified from records maintained by bluebird or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

38.    Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

39.    Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.  Plaintiff has no interests antagonistic to or in conflict with those of the Class.

40.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of bluebird;

- whether the Individual Defendants caused bluebird to issue false and misleading financial statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of bluebird securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

41.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

42.     Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- bluebird securities are traded in an efficient market;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NASDAQ and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased, acquired and/or sold bluebird securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

43.     Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

44.     Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### (Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants)

45.     Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

46.     This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

47.     During the Class Period, Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities.  Such scheme was intended to, and, throughout the Class Period, did:  (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of bluebird securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire bluebird securities and options at artificially inflated prices.  In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

48.     Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the Defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for bluebird securities.  Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about bluebird' finances and business prospects.

49.      By virtue of their positions at bluebird, Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to Defendants.  Said acts and omissions of Defendants were committed willfully or with reckless disregard for the truth.  In addition, each Defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

50.     Information showing that Defendants acted knowingly or with reckless disregard for the truth is peculiarly within Defendants' knowledge and control.  As the senior managers and/or directors of bluebird, the Individual Defendants had knowledge of the details of bluebird' internal affairs.

51.     The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein.  Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of

bluebird.  As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to bluebird' businesses, operations, future financial condition and future prospects.  As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of bluebird securities was artificially inflated throughout the Class Period.  In ignorance of the adverse facts concerning bluebird' business and financial condition which were concealed by Defendants, Plaintiff and the other members of the Class purchased or otherwise acquired bluebird securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by Defendants, and were damaged thereby.

52.     During the Class Period, bluebird securities were traded on an active and efficient market.  Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the Defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of bluebird securities at prices artificially inflated by Defendants' wrongful conduct.  Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid.  At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of bluebird securities was substantially lower than the prices paid by Plaintiff and the other members of the Class.  The market price of bluebird securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

53.     By reason of the conduct alleged herein, Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

54.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## <u>COUNT II</u>

**(Violations of Section 20(a) of the Exchange Act Against the Individual Defendants)**

55.     Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

56.     During the Class Period, the Individual Defendants participated in the operation and management of bluebird, and conducted and participated, directly and indirectly, in the conduct of bluebird' business affairs.  Because of their senior positions, they knew the adverse non-public information about bluebird' misstatement of income and expenses and false financial statements.

57.     As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to bluebird' financial condition and results of operations, and to correct promptly any public statements issued by bluebird which had become materially false or misleading.

58.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and

public filings which bluebird disseminated in the marketplace during the Class Period concerning bluebird' results of operations.  Throughout the Class Period, the Individual Defendants exercised their power and authority to cause bluebird to engage in the wrongful acts complained of herein. The Individual Defendants, therefore, were "controlling persons" of bluebird within the meaning of Section 20(a) of the Exchange Act.  In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of bluebird securities.

59.     Each of the Individual Defendants, therefore, acted as a controlling person of bluebird.  By reason of their senior management positions and/or being directors of bluebird, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, bluebird to engage in the unlawful acts and conduct complained of herein.  Each of the Individual Defendants exercised control over the general operations of bluebird and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

60.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by bluebird.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.     Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.     Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.     Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.      Awarding such other and further relief as this Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury.

Dated:  February 12, 2021                          Respectfully submitted,

                                                   POMERANTZ LLP

                                                   */s/ Jeremy A. Lieberman*
                                                   Jeremy A. Lieberman
                                                   J. Alexander Hood II
                                                   James M. LoPiano
                                                   600 Third Avenue
                                                   New York, New York 10016
                                                   Telephone: (212) 661-1100
                                                   Facsimile: (212) 661-8665
                                                   jalieberman@pomlaw.com
                                                   ahood@pomlaw.com
                                                   jlopiano@pomlaw.com

                                                   POMERANTZ LLP
                                                   Patrick V. Dahlstrom
                                                   10 South La Salle Street, Suite 3505
                                                   Chicago, Illinois 60603
                                                   Telephone: (312) 377-1181
                                                   Facsimile: (312) 377-1184
                                                   pdahlstrom@pomlaw.com

                                                   *Attorneys for Plaintiff*

## CERTIFICATION PURSUANT
## TO FEDERAL SECURITIES LAWS

1.   I, _____Peter   Ceung_____, make this declaration pursuant to

Section 27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section 21D(a)(2) of the

Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation

Reform Act of 1995.

2.   I have reviewed a Complaint against bluebird bio, Inc. ("blubird" or the "Company") and

authorize the filing of a comparable complaint on my behalf.

3.   I did not purchase or acquire bluebird securities at the direction of plaintiffs' counsel or

in order to participate in any private action arising under the Securities Act or Exchange Act.

4.   I am willing to serve as a representative party on behalf of a Class of investors who

purchased or otherwise acquired bluebird securities during the class period, including providing

testimony at deposition and trial, if necessary.  I understand that the Court has the authority to select the

most adequate lead plaintiff in this action.

5.   To the best of my current knowledge, the attached sheet lists all of my transactions in

bluebird securities during the Class Period as specified in the Complaint.

6.   During the three-year period preceding the date on which this Certification is signed, I

have not served or sought to serve as a representative party on behalf of a class under the federal

securities laws.

7.   I agree not to accept any payment for serving as a representative party on behalf of the

class as set forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable

costs and expenses directly relating to the representation of the class as ordered or approved by the Court.

8.    I declare under penalty of perjury that the foregoing is true and correct.

**Executed** _11 / 19 / 2020_

                  **(Date)**

                                  **(Signature)**

          Peter Leung

                         **(Type or Print Name)**

**bluebird bio, Inc. (BLUE)**                                                    **Leung, Peter**

### List of Purchases and Sales

| Transaction Type | Date | Number of Shares/Unit | Price Per Share/Unit |
|---|---|---|---|
| Purchase | 7/22/2020 | 92 | $65.0000 |